**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel E. JONES, Defendant–
Appellant.**

No. 03–3686.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 6, 2004.

Decided Nov. 5, 2004.

K. Tate Chambers, Office of the United States Attorney, Peoria, IL, for Plaintiff–Appellee.

Robert A. Alvarado, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before BAUER, COFFEY, and EVANS, Circuit Judges.

ORDER

On June 20, 2003, Samuel Jones pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the time of entering his plea of guilty, Jones reserved the right to appeal the trial court's denial of his motion to suppress evidence. On appeal, he argues that the district court should have granted his request for a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 98

S.Ct. 2674, 57 L.Ed.2d 667 (1978). In the alternative, he argues that the affidavit supporting the warrant used to search his home was insufficient to establish probable cause. We affirm.

Police officers in Peoria, Illinois, executed a search warrant on February 5, 2003, at Jones's home and recovered two handguns and an unspecified quantity of cocaine. Officer John Couve obtained the warrant from a state circuit court judge on February 4th on the basis of a tip from a confidential informant. The portion of the affidavit that addressed the tip stated that the informant had been in Jones's home at least three times within the last sixty days (including once within the last three days), that he had seen rock cocaine in the house on each occasion, and that a man he knew as "Sam" had the cocaine. The affidavit also contained a detailed physical description of Sam, including his height, weight, hair color and style, and race. Officer Couve's affidavit said that he had shown a number of file photographs to the informant and that the informant had positively identified a photograph of Jones. Officer Couve also stated that he had checked police records and determined that Jones lived at the address where the informant claimed to have seen the cocaine, that the informant had previously completed two controlled buys—not from Jones—for Officer Couve, and that the informant had never provided false or misleading information in the past. The informant did not appear before the judge who issued the warrant.

Officer Couve had previously obtained, on January 23rd and 29th, two other warrants to search Jones's home, but for whatever reason officers never executed either warrant. The affidavits presented in support of those warrants were identical to the one Officer Couve presented on February 4th, except for the date he said

the informant provided the information— January 22nd in the first affidavit and January 23rd in the second. Each of the three affidavits was presented to a different judge.

Jones challenges the executed search warrant on two grounds. First, he argues that the district court should have granted his request for a *Franks* hearing because Officer Couve omitted material facts from the third affidavit when he failed to tell the judge about the two previous unexecuted warrants. Jones reasons that the third judge never would have issued the warrant if he had known about the two previously issued warrants because that would show that Officer Couve realized that the police would not find cocaine or other contraband at the residence on those earlier occasions. We disagree.

A police officer violates the Fourth Amendment if he intentionally or recklessly submits untruthful statements in an affidavit used to obtain a search warrant, and a defendant may, in limited circumstances, obtain a hearing to challenge an allegedly false affidavit. *Franks*, 438 U.S. at 155–56. A *Franks* hearing may also be warranted if an officer omits material facts from the affidavit. *United States v. Merritt*, 361 F.3d 1005, 1010 (7th Cir.2004). However, a defendant may obtain a *Franks* hearing only if he makes a " 'substantial preliminary showing' that the affiant has intentionally or recklessly included a false statement in the affidavit, and that the false statement is material in order to find probable cause." *United States v. Souffront*, 338 F.3d 809, 822 (7th Cir.2003) (internal citation omitted). "The defendant must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard." *Id.* (internal citation and quotation omitted).

252

This is a difficult burden for a defendant to meet. *See United States v. Swanson*, 210 F.3d 788, 789–90 (7th Cir.2000). If the defendant makes the required showing, a hearing must be granted only if the affidavit, without the false statement (or with the omitted information), would be insufficient to establish probable cause. *Souffront*, 338 F.3d at 822. We review the district court's decision not to hold a *Franks* hearing only for clear error. *Zambrella v. United States*, 327 F.3d 634, 638 (7th Cir.2003).

Jones contends that Officer Couve's failure to tell the judge who issued the third warrant about the two previously issued warrants was a material omission that necessitated a *Franks* hearing. However, Jones has failed to establish the preliminary showing necessary to obtain a *Franks* hearing. The district court noted that there are several reasons why the police might not execute a warrant, including manpower shortages or the receipt of new information about the premises to be searched. It does not necessarily follow, as Jones urges, that the judge would have been compelled to find probable cause lacking had he known about the other two warrants.

Furthermore, as the government argues, it makes little difference whether there were previous unexecuted warrants, provided that probable cause existed for the judge to issue the warrant that was executed. Even assuming the police did not execute the first two warrants because they believed that Jones had no cocaine at those times, a *Franks* hearing would not be required because the police could still have probable cause to believe that he would have cocaine at a different time. *See United States v. Singleton*, 125 F.3d 1097, 1102 n. 4 (7th Cir.1997) (officers do not have to include in an affidavit for a search warrant reports of unsuccessful attempts by informants to purchase drugs from a suspect). In *United States v. McNeese*, 901 F.2d 585, 596 (7th Cir.1990), *overruled on other grounds, United States v. Westmoreland*, 240 F.3d 618, 632–33 (7th Cir.2001), a police officer located cocaine residue in the defendant's garbage, but subsequently searched the garbage several other times and found no cocaine. The officer included only the successful search in his affidavit for a search warrant. This court held that a *Franks* hearing was not required because the omission was neither reckless nor deliberately false, and because even if the judge been aware of the unsuccessful searches, probable cause had been established by the one successful search of the garbage. *Id.* Likewise, if the officers in this case had probable cause to believe that Jones possessed cocaine when they obtained the third warrant, it is irrelevant that they may not have had probable cause to believe he possessed it when they declined to execute the first two warrants.

In the alternative, Jones argues that the warrant should have been quashed because the affidavit failed to establish probable cause that cocaine would be found at his residence, and contained only "bare bones" information. Again we disagree. Probable cause is established when, considering the totality of the circumstances, the affidavit sets forth sufficient evidence to cause a reasonably prudent person to believe that a search will uncover evidence of a crime. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Peck*, 317 F.3d 754, 756 (7th Cir.2003). When an affidavit is the only evidence presented to a judge in support of a warrant, the validity of the warrant rests solely on the strength of the affidavit. *Peck*, 317 F.3d at 755.

We agree with the district court and the judge who issued the third warrant

that there was probable cause to believe that evidence of a crime would be found at Jones's residence. This court has previously held that when determining whether an affidavit provides enough information to establish probable cause, the judge is required to consider the informant's observations, the degree of detail provided, independent police corroboration, the interval of time between when the officer acquired the information and the application for the warrant, and whether the informant testified before the judge who issued the warrant. *Id.* at 756. The information contained in Officer Couve's affidavit and provided to the judge consisted primarily of the informant's observations of cocaine inside Jones's residence. Specifically, the informant personally observed cocaine in the house on at least three occasions, including once within three days of the application for the warrant. The informant had also previously purchased rock cocaine in controlled buys for Officer Couve, establishing why he knew that the substance was, in fact, cocaine. *See id.*

These firsthand observations by an informant are a crucial factor weighing in favor of a finding of probable cause. *United States v. Johnson,* 289 F.3d 1034, 1039 (7th Cir.2002). But firsthand observations by themselves may not be enough. *Cf. United States v. McKinney,* 143 F.3d 325, 329 (7th Cir.1998); *United States v. Reddrick,* 90 F.3d 1276, 1280–81 (7th Cir.1996). Here, the informant did not specify the quantity of cocaine that was present in Jones's house, the police did not conduct any controlled buys from Jones, and the informant did not testify before the judge who issued the warrant. However, Officer Couve did verify a critical aspect of the informant's testimony when the informant positively identified a picture of Jones from a number of file photographs he was shown. His story was further corroborated when the man identified in the photograph turned out to be named Samuel and when police records revealed that the same person lived at the address where the informant had seen the cocaine. Taken together, these facts were sufficient to establish probable cause and support the issuance of the search warrant.

AFFIRMED.